836 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lucious Hillard WINSLOW, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 87-7147.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1987.
Decided Dec. 18, 1987.
 
 Lucious Hillard Winslow, appellant pro se.
 Linwood Theodore Wells, Jr., Assistant Attorney General, for appellee.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Lucious Winslow appeals from the dismissal of his 28 U.S.C. Sec. 2254 petition. He claimed that he was denied effective assistance of trial and appellate counsel, that he was denied due process because he was tried in leg irons, and that he was denied due process because of the false or misleading testimony of Andrew F. Holland.
 
 
 2
 Winslow's petition raised six ineffective assistance of counsel claims: (1) trial counsel was prejudiced and failed to render effective assistance; (2) appellate counsel was ineffective in perfecting his appeal; (3) trial counsel failed to challenge two prospective jurors; (4) trial counsel failed to request a transcript of the preliminary hearing; (5) trial counsel failed to investigate the facts of the case or to request discovery; (6) appellate counsel failed to obtain a full record of the trial. Based on our review of the record and the district court's opinion accepting the recommendation of the magistrate, we affirm the dismissal of Winslow's first four ineffective assistance of counsel claims on the reasoning of the district court. We also affirm the dismissal of Winslow's claim that his attorney failed to conduct discovery on the reasoning of the district court. The dismissal of Winslow's remaining ineffective assistance of counsel claims, including two raised for the first time in his objections to the magistrate's recommendation, is affirmed for the reasons stated below.
 
 
 3
 Winslow claims that his attorney failed to conduct an adequate investigation. Winslow raised this claim in his state habeas petition and the state court found that Winslow's counsel had investigated the case and that he obtained "all the information that he could have obtained and which would have been of any benefit or any use whatsoever at the trial of the case." This finding is supported by Winslow's attorney's testimony that he had met with Winslow eight or nine times, examined the prosecutor's file, examined Andrew Holland's file in the clerk's office, and reviewed the handwriting expert's report and gotten an informal opinion from another handwriting expert that the testifying expert's report was reliable. As the only areas to investigate in this case were the reliability of the handwriting expert's opinion and Andrew Holland's credibility, the record shows that Winslow's attorney conducted an adequate investigation.
 
 
 4
 Winslow claims that his appellate attorney was ineffective for failing to obtain transcripts of voir dire and of the attorneys' opening and closing arguments. The magistrate recommended rejecting this claim by adopting under 28 U.S.C. Sec. 2254(d) the state court of appeals' finding that a review of the voir dire proceedings and the attorneys' arguments, which were transcribed after Winslow's conviction became final, showed that no errors of law had been committed. The magistrate erred in relying on the state court finding to reject this claim, for a finding that no errors of law have been committed is not a factual finding entitled to the presumption of correctness.
 
 
 5
 The district court's dismissal of this claim can nevertheless be affirmed, because our independent review of the record shows that there were no grounds for reversal disclosed by these transcripts. In particular, the voir dire transcript would not have assisted Winslow's appellate attorney to argue that prospective jurors Pitts and Martin should have been challenged for cause and excused. The transcript does not state which prospective jurors were challenged or selected to try Winslow's case. Winslow has not shown that he was prejudiced due to his appellate attorney's failure to obtain the transcripts of voir dire and the attorneys' arguments. See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 6
 In his objections to the magistrate's report, Winslow raised five new ineffective assistance of counsel claims. Three of these claims were unexhausted: (1) trial counsel should have filed a motion to discover an alleged agreement between Andrew Holland and the prosecutor; (2) trial counsel should have insisted on Winslow's right to a preliminary hearing on all counts of the indictment; and (3) trial counsel made no attempt to investigate Holland's original story that he had obtained the forged checks from someone named Nathaniel Williams. Allowing Winslow to amend his complaint to add these claims would have been futile because the amended petition would then have been a mixed petition subject to dismissal under Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 7
 The objections to the magistrate's recommendation contain two additional ineffectiveness claims which had been exhausted: (1) trial counsel should have discovered the true length of Holland's sentence; and (2) trial counsel should have obtained a handwriting expert to testify for Winslow at trial. These claims were not specifically addressed by the district court, but they are clearly without merit for the reasons discussed below.
 
 
 8
 Winslow argues that his attorney should have discovered that while Holland had received five five-year sentences, some of these sentences were to run concurrently, and Holland would have to serve only ten years in prison. He argues that his attorney could have used this information to impeach Holland's testimony that he had received a twenty-five year sentence, and that this would have materially weakened the commonwealth's case. He also argued that the jurors may have decided that his sentence should be roughly equivalent to Holland's, and that he may have received a lighter sentence had his attorney been able to disclose to the jurors Holland's actual sentence.
 
 
 9
 It is questionable whether Winslow's attorney's actions could be considered professionally unreasonable. The commonwealth habeas court found that Winslow's attorney had discovered all information that could have been useful to Winslow, and Winslow's attorney testified that he had gone through Holland's file before trial. We base our decision, however, on Winslow's failure to show that he was prejudiced by his attorney's alleged omission. There is no reasonable probability that bringing this evidence to the jurors' attention would have affected their assessment of Holland's credibility. While it is conceivable that this information could have affected the jurors' sentence, under Virginia law the jurors' decision as to an appropriate sentence is "little more than an advisory opinion or first-step decision," because the trial court has statutory authority to suspend the sentence in whole or in part based on information presented to the court after trial. Vines v. Muncy, 553 F.2d 342, 349 (4th Cir.), cert. denied, 434 U.S. 851 (1977). Winslow's attorney drew the trial court's attention to the true length of Holland's sentence during the sentencing hearing. Thus it cannot be said that Winslow was prejudiced by his attorney's failure to bring this information to the jurors' attention at trial.
 
 
 10
 Winslow also claimed that his attorney was ineffective for failing to obtain a handwriting expert to counter the commonwealth's expert's testimony. Following an evidentiary hearing on Winslow's habeas petition, the commonwealth circuit court found that Winslow's attorney had consulted with an independent expert before trial, and the independent expert had confirmed that the commonwealth's expert was highly qualified. This finding is supported by Winslow's attorney's testimony during the evidentiary hearing that he had informally consulted with another handwriting expert about the commonwealth's expert's report in the case and had concluded that the report was probably accurate. Winslow's attorney also testified that the expert had given him advice about how to cross-examine the state's expert. In these circumstances, Winslow's attorney was not ineffective for failing to attempt to get the state to pay for an expert to testify for Winslow at trial. Cf. Roach v. Martin, 757 F.2d 1463, 1477 (4th Cir.), cert. denied, 54 U.S.L.W. 3227 (U.S. Oct. 7, 1985) (No. 84-6771) (counsel not ineffective for failing to look for an expert with a favorable opinion after consulting with an expert who gave an unfavorable opinion). Thus, for the reasons stated above, the district court did not err in dismissing Winslow's ineffective assistance of counsel claim.
 
 
 11
 The district court accepted the magistrate's recommended dismissal of Winslow's claim that he had been denied due process because he was tried in leg irons. We affirm this dismissal on the district court's reasoning.
 
 
 12
 Finally, Winslow claimed that Andrew Holland's misleading testimony about the length of his sentence and his alleged perjury about an agreement with the prosecution denied him due process.
 
 
 13
 The district court correctly dismissed Winslow's claim that he was denied due process because of Holland's misleading testimony about his sentence. Winslow claimed that this testimony violated his right to due process in two respects: (1) it was false testimony and the prosecution failed to correct it; and (2) it was false information that the jury may have relied upon in sentencing him.
 
 
 14
 When a prosecutor knowingly uses perjured testimony to obtain a conviction, or allows such perjury to go uncorrected, a defendant's right to due process of law is violated. United States v. Griley, 814 F.2d 967, 970-71 (4th Cir.1987); Thompson v. Garrison, 516 F.2d 986, 989 (4th Cir.), cert. denied, 423 U.S. 933 (1975). It is highly unlikely that Holland could be said to have perjured himself when he testified that he had received a twenty-five year sentence, as he did receive five five-year sentences, even though some of them were to run concurrently. In addition, pointing out the misleading nature of his testimony could not have adversely affected Holland's credibility and thus the outcome of the case. To the extent it was misleading, it tended to place Holland in a worse light than accurate testimony would have done. In these circumstances, Holland's misleading testimony cannot be said to have been used to obtain a conviction.
 
 
 15
 Reliance on materially inaccurate information or assumptions in sentencing violates the due process clause. See Townsend v. Burke, 334 U.S. 736 (1948); United States v. Roper, 716 F.2d 611, 615 (4th Cir.1983). As was stated above, Holland's testimony technically was not false. Assuming arguendo that the jury relied on the information, this claim is still without merit. As was stated above, the jury's sentence under Virginia law is little more than an advisory opinion. Vines, 553 F.2d at 349. In these circumstances, the crucial inquiry is whether the court may have relied on materially misleading information when deciding whether to suspend a convicted defendant's sentence. In this case, the court accepted Winslow's attorney's statement that there was a disparity in Winslow's and Holland's sentences because, due to the concurrent sentences, Holland would have to serve only ten years in prison. Winslow's sentences therefore did not violate due process.
 
 
 16
 Finally, Winslow claims that the prosecution knowingly allowed Holland to perjure himself when he testified that the prosecution had made no promises to him in return for his testimony against Winslow. Neither the magistrate nor the district court addressed this claim, which was made in Winslow's motion for an extension of time to respond to the respondent's motion to dismiss and in his objections to the magistrate's report.
 
 
 17
 The prosecution's failure to disclose that one of its witnesses has lied about an agreement with the prosecution violates due process if there is a reasonable probability that the result could have been different had the jury not believed that witness's testimony. Giglio v. United States, 405 U.S. 150 (1972). In his pleadings, motions, and objections, Winslow presented no specific factual allegations tending to show that there was such an agreement. In these circumstances, Winslow was not entitled to a hearing on this claim.
 
 
 18
 Therefore, we deny a certificate of probable cause to appeal, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and oral argument would not significantly aid the decisional process.
 
 
 19
 DISMISSED.